IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ALAN WADE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:18-CV-783-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Alan Wade Johnson, a federal prisoner incarcerated in FCI Butner II in Butner, North Carolina, against Lorie Davis, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as an unauthorized successive petition.

**I. Factual and Procedural History**

In May 1976, pursuant to a plea agreement, petitioner pleaded guilty in Tarrant County, Texas, to aggravated robbery (Case No. 6879), aggravated sexual abuse (Case No. 6880), and aggravated rape (Case No. 5486) and was sentenced to three concurrent 50-year sentences in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ). (Resp't's Preliminary Answer, Ex. A. at 2.) On January 30, 1990, petitioner was paroled on his three Tarrant County convictions with a maximum discharge date of October 15, 1996, pursuant to the "Pre-65th Legislature." (Pet., Ex. 2.) His parole was revoked on May 15, 1991, due to pending criminal charges in El Paso County, Texas. (Resp't's Preliminary Answer, Ex. A. at 3.) In February 1994 petitioner was convicted by a jury in El Paso County of enhanced aggravated robbery (Case No. 61331) and received a life sentence to commence when his 50-year sentences ceased to operate. (Pet., Ex. 1.)

As set forth in the affidavit of Charley Valdez with TDCJ's Classification and Records Department,

> [c]umulative sentences involving both pre-and post-1987 offenses are added together and treated as one sentence for the purpose of determining parole eligibility and sentence discharge date. *Ex parte Forward,* 258 S.W.3d 151, 155 (Tex. Crim. App. 2008). [Petitioner]'s 50-year sentences in Cause Numbers 5486, 6879, and 6880 were added to the life sentence in Cause Number 61331. He was credited with 1186 days of pre-sentence jail credit, and the cumulative sentence begin date was changed from 03/04/1976 to 03/16/1973. *Ex parte Bynum[,]* 772 S.W.2d 113, 114-15 (Tex. Crim. App. 1989).

(Resp't's Preliminary Answer, Ex. A at 4.) Thus, under this "stacking" scheme, TDCJ is calculating his sentences as one life sentence.

On October 8, 2012, petitioner was released on parole in all four cases to a federal detainer. (Resp't's Preliminary Answer,

2

Ex. A. at 4.) Petitioner is currently incarcerated in the Federal Bureau of Prisons for federal firearms offenses. (J., United States v. Johnson, Criminal Action No. 3:93-cr-00460-DB-1, doc. 65.)

By way of this petition, petitioner challenges the state's "stacking" scheme treating his 50-year sentences as one life sentence. Specifically, he raises the following claims for relief:

> (1) his 50-year sentences imposed in 1976 "have been altered (illegally extended) to LIFE when he was deprived of his earned commutation good conduct time on his 1975 offenses already acquired by him pursuant to the laws existing when [the] offenses occurred"; and
>
> (2) TDCJ is denying him his "STATUTORY DISCHARGE PAPERS in accordance with Texas Government Code § 500.016, as required by the law in effect when his offenses occurred."

(Pet. 7-8.) He seeks the following relief:

> [t]he State of Texas recalculate my three (3) 50-year sentences to discharge on May 20, 1994, notify all state agencies of discharge, issue discharge certificates in a[ll] three (3) sentences, issue new Parole Certificate for Cause NO. 61331, and recalculate LIFE sentence begin date of May 20, 1994, and ensure all other laws be declared unconstitutional relating to these matters.

(Id. at 9.)

Petitioner filed a relevant state habeas-corpus application on March 21, 2017, raising one or more of his present claims, which was denied on May 31, 2017, without written order by the Texas Court of Criminal Appeals on the findings of the trial

3

court.[1] (Resp't's Preliminary Answer, Ex. C.) This petition, filed on June 16, 2017, in the United States District Court for the Eastern Division of North Carolina, is petitioner's third § 2254 petition filed in this court.[2] (Pet. 10.) The first two were filed in 1997 and 2015, respectively. *See Johnson v. Paxton*, No. 4:15-CV-524-A; *Johnson v. Johnson*, No. 4:97-CV-452-A. Court records for his 1997 habeas proceeding are not currently available to the court. Court records for his 2015 habeas proceeding reflect that petitioner challenged his 1976 Tarrant County convictions and sentences, claiming, among other things, that his guilty pleas were involuntary because he was not informed that his 50-year sentences could be "extended to LIFE after he fully served and discharged his final judgment(s)." (Mem. Op. 3, Johnson v. Paxton, No. 4:15-CV-524, doc. 31.) Respondent asserts that the instant petition should be dismissed as successive or, alternatively, as untimely. (Resp't's Preliminary Answer 1.)

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 17 of the application reflects the date the application was purportedly signed by petitioner. (Pet., Attach. entitled "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07 at 17.) For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

[2] Similarly, a prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## II. Successive Petitions

Respondent claims the petition is successive because, although unrelated to the claims raised in his previous federal petitions, petitioner was fully aware of his time-calculation claims when his parole was revoked on May 15, 1991. Consequently, petitioner could have raised the claims in either of his prior federal petitions but did not. (Id. at 7.) Respondent contends that the petition should therefore be dismissed as an unauthorized successive petition or transferred to the United States Court of Appeals for the Fifth Circuit to seek authorization to file the petition in district court as required by 28 U.S.C. § 2244(b)(3). (Id.)

A successive petition is one that raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003). There is evidence in the record that the state's "stacking" scheme was explained to petitioner by TDCJ as early as June 25, 1996. (Pet., Attachs. June 10, 2015, Letter from TDCJ to Pet'r & State's Proposed Memorandum, Findings of Fact and Conclusions of Law 2.) Thus, petitioner knew of all the facts necessary to raise his claims in one of his prior § 2254 petitions. *Crone,* 324 F.3d at 837. *Compare In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (petitioner could not have brought his current claim(s) in conjunction with

his earlier petition because those claims had not yet arisen). Consequently, the instant petition is successive for purposes of § 2244(b).

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Toward that end, this court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals or it may transfer the successive petition to the Fifth Circuit for a determination of whether the petitioner should be allowed to file the successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This court chooses the first procedure. Accordingly, the petition should be dismissed to allow petitioner to seek authorization to file his petition in the Fifth Circuit. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

The court notes that even if the petition were not successive, it is untimely under the federal statute of limitations. Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, the provision provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (D), which would be applicable, petitioner could have discovered the factual predicate of his claims at the latest on June 25, 1996, when he was advised by TDCJ of the effect of the state's "stacking" scheme. Therefore, petitioner's federal petition raising his current claims was due on or before June 25, 1997.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus under § 2254 be, and is hereby, dismissed, without prejudice, as an unauthorized successive petition under § 2244(b). It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED June **10**, 2019.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

8